**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Franklin Ely,<br><br>    Petitioner,<br><br>v.<br><br>Bennie Rollins, et al.,<br><br>    Respondents. | No. CV 17–8277–PCT–JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). The Magistrate Judge to whom this case is assigned issued a Report and Recommendation (R&R) recommending that the Petition be denied. (Doc. 8). Petitioner filed objections to the R&R. (Docs. 13 & 15).

**I.  Review of R&R**

This Court "may accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must review the magistrate's findings *de novo* only if a party objects to the magistrate's findings or recommendations. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, if no party objects to any fact or issue, the district court is not required to engage in "any review at all . . . ." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Therefore, the Court will review the objected-to recommendations *de novo*.

**II.  Petition for Writ of Habeas Corpus**

The Petitioner raises one ground for relief in his timely petition. The R&R finds

that the Petitioner's claim is procedurally defaulted without excuse. The R&R recounts the factual and procedural background of this case at pages 1–4. Neither party objects to this recounting. Accordingly, the Court accepts and adopts it.

Petitioner claims that "imposition of a mandated consecutive term of community supervision to a flat-time term of confinement constitutes being punished twice for the same offense," in violation of his Fifth Amendment right against Double Jeopardy (Doc. 1 at 6). The R&R concludes that because Petitioner failed to raise the present claim in his direct appeal to the Arizona Court of Appeals, 28 U.S.C. § 2254(b) precludes his claim from being brought in federal court and it is procedurally defaulted without excuse (Doc. 8 at 3).

### A. Petitioner's Claim for Relief is Procedurally Defaulted

An application for a writ of habeas corpus shall not be granted unless is appears that "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of the section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A state prisoner must exhaust available state remedies, in order to give the state the "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To provide the state with this opportunity, the prisoner must "fairly present" his claim to the state's highest court. *Id.* This thereby alerts the state court to the federal nature of the claim. *Id.* A claim is not "fairly presented" if the judges of the highest court in the state can discover the claim only by reading the lower court opinions in the case. *Id.* at 31. To be "fairly presented" a claim must be presented (1) in the proper forum, (2) through the proper vehicle, and (3) with the proper factual and legal basis for the claim. *Insyxiemngmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

Petitioner objects to the R&R's conclusion that his claim for relief is procedurally defaulted. (Doc. 13 at 2). Petitioner alleges a violation of his due process rights during his

post-conviction-review ("PCR") proceedings when the Superior Court denied him an evidentiary hearing on whether his sentence exceeded the maximum allowed in the sentencing statute. (*Id.*) Accordingly, Petitioner alleges, his claim cannot be procedurally barred because it was clear error for the Superior Court to preclude review of his illegal sentence. (Doc. 13 at 4). Petitioner's objections do not address his failure to raise the Double Jeopardy claim on direct appeal in state court, which is the reason the claim is procedurally defaulted. As explained above, Petitioner's failure to present the Double Jeopardy claim means that his claim is now procedurally barred. *See* 28 U.S.C. § 2254(b).

### B. Petitioner Has No Excuse for Procedural Default

"Where a defendant has procedurally defaulted a claim [], the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *U.S. v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). A showing of "cause" ordinarily requires the prisoner to show some external factor impeded the prisoner in complying with the state procedural rules. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). External factors include the reasonable unavailability of a factual or legal claim at the time of the direct appeal, or interference by government officials which prevented the claim from being brought earlier. *Braswell*, 501 F.3d at 1150. The prisoner must show actual prejudice, not just the possibility of prejudice. *Id.*

Petitioner argues that the Court should still review the merits of his procedurally defaulted claim because he has shown cause and prejudice. (Doc. 13 at 7). He alleges that his appellate counsel did not argue the double jeopardy claim on direct appeal, thereby impeding his ability to comply with the rules. (Doc. 1 at 15). However, a claim of ineffective assistance of appellate counsel must itself be exhausted. *Davila v. Davis*, 137 S.Ct. 2058, 2065–69 (2017); *see also Martinez v. Ryan*, 566 U.S. 1, 14 (2012) (allowing an exception to the exhaustion requirement for claims of ineffective assistance of only trial counsel if such failure to exhaust was caused by the ineffective assistance of post-

conviction relief counsel). Thus, Petitioner has not presented any outside evidence that an external force impeded him in his ability to bring the Double Jeopardy claim on direct review, and the procedural default is therefore not excused for cause.

Even assuming arguendo that the Court could reach the merits of Petitioner's Petition, his claim nonetheless fails. The Double Jeopardy Clause protects against the imposition of multiple punishments for the same criminal offense. *Moor v. Palmer*, 603 F.3d 658, 660 (9th Cir. 2010). Parole revocation is not a criminal penalty for violating the terms of parole; it is a continuation of punishment for the original offense and does not trigger the protections of the Double Jeopardy Clause. *Id.* Furthermore, under Arizona law, a requirement of community supervision is simply a part of the original sentence and does not violate the Double Jeopardy Clause. *State v. Jenkins*, 970 P.2d 947, 952 (Ariz. Ct. App. 1998).

Petitioner further argues for the Court to excuse his default because he has shown "actual innocence." (Doc. 13 at 7). To satisfy the standard for "actual innocence," a habeas petitioner must show that because of a Constitutional error, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 322 (1995). Neither the Supreme Court nor the Ninth Circuit has extended a finding of actual innocence to apply to a sentencing issue; actual innocence requires a petitioner to show he is innocent of the crime for which he is incarcerated. *Gandarela v. Johnson*, 286 F.3d 1080, 1085 (9th Cir. 2001). Petitioner argues that he has committed no additional crime to warrant additional criminal punishment of community supervision. (Doc. 13 at 14). As stated above, however, parole revocation is not an additional criminal punishment under the Double Jeopardy Clause. *Moor*, 603 F.3d at 660. Additionally, Arizona law recognizes community supervision as simply a part of the original sentence. *Jenkins*, 970 P.2d at 952. Petitioner has not provided any evidence to prove he would have been found not guilty of the crime for which he is incarcerated, and therefore is not excused of his default by "actual innocence."

### III. Conclusion

For the reasons stated above,

**IT IS THEREFORE ORDERED** that the Report and Recommendation, (Doc. 8), is accepted. Petitioner's objections, (Docs. 13 & 15), are overruled. The Clerk of Court shall enter judgment denying and dismissing the Petition with prejudice.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar, jurists would not find this Court's procedural ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 26th day of September, 2018.

James A. Teilborg
Senior United States District Judge